**SO ORDERED.**

**DONE and SIGNED May 21, 2021.**



_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case Number: 19-30753 |
| John Richard Skipper | § | Chapter 7 |
| Kristie H. Skipper | § | |
|   Debtors | § | |
| _____ | § | |
| Mark K. Sutton, Trustee | § | |
|   Plaintiff | § | Adversary Proceeding |
| | § | |
| vs. | § | Case No. 21AP-03002 |
| | § | |
| John Richard Skipper, et al | § | |
|   Defendants | § | |

## Memorandum Ruling

This litigation commenced with a complaint filed by the chapter 7 trustee to compel the liquidation of a limited liability company partially owned by the bankruptcy estate. A member of the LLC filed a motion to dismiss the complaint on the grounds that she holds a usufruct on immovable property owned by the LLC which, she argues, cannot be liquidated without her consent.

For reasons that follow, the court concludes the complaint states a plausible claim for relief to liquidate the LLC's property because, under Louisiana law, the usufruct terminated as to the immovable property at issue when the usufructuary and naked owners conveyed the property to the LLC.

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1.

## Background

According to the complaint, the chapter 7 bankruptcy estate owns a 25% membership interest in a family-owned limited liability company, Skipper Family Plantation, LLC. The estate obtained its interest in the LLC when Debtors filed their bankruptcy case under chapter 12 on May 14, 2019, which was thereafter converted to a case under chapter 7. The other members of the LLC are Paula Skipper, who owns a 50% interest, and Molly Skipper, who owns a 25% interest. Paula and Molly Skipper are related by blood or marriage to Debtors.

The complaint alleges the LLC owns various properties and assets, including farmland in Madison Parish, Louisiana. The farmland was once owned by Paula Skipper and her husband. After he died, a judgment of possession was entered which recognized Paula Skipper as the owner of one-half of the farmland and her children, John Skipper (one of the Debtors in this case) and Molly Skipper, as the owners of the remaining half, subject to a usufruct in favor of Paula Skipper. Thus,

John Skipper and Molly Skipper were naked owners of their one-half and Paula Skipper was the usufructuary over their half.

The complaint alleges the farmland was transferred to the LLC by the usufructuary and naked owners. In return for the conveyance of the farmland, they received membership interests in the LLC, viz., 50% of the membership units were assigned to Paula Skipper, 25% to John Skipper and 25% to Molly Skipper.

The complaint attaches a copy of the Transfer Deed, which provides, in part:

> Paula Owens Skipper has been receiving all farm income/rentals from this property through her ownership and usufruct over the property. ***This transfer is subject to her right to receive directly the farm income/rentals for the remainder of her life***.

The trustee filed an amended adversary complaint against the LLC and its members which seeks a judgment: (1) declaring the estate owns 25% of the membership interests in the LLC, (2) declaring the LLC has been dissolved by virtue of a triggering event set forth in the operating agreement, (3) compelling the LLC to wind-up its affairs and liquidate its properties, and (4) compelling the liquidator to disperse the liquidation proceeds to the LLC members, free and clear of any competing claims or interests of the defendants.

The first two claims are not in dispute. The other two are the subject of the motion to dismiss filed by Paula Skipper. She asserts that the complaint fails to state a claim for relief because the farmland cannot be liquidated without her

consent as it is encumbered by a usufruct in her favor.[1]

## Conclusions of Law and Analysis

A. <u>Rule 12(b)(6) standards</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 547 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

---

[1] The motion to dismiss asserted several grounds to dismiss the complaint. After the motion was filed, plaintiff filed an amended complaint. At the hearing on the motion, counsel for Paula Skipper conceded the amended complaint cured all deficiencies raised in the motion except for the issues involving the liquidation of the farmland. Paula Skipper continues to argue that the amended complaint fails to state a claim for relief because, she says, the farmland is subject to usufruct and it may not be liquidated without her consent.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

B. **The usufruct terminated as to the farmland when the usufructuary and naked owners conveyed it to the LLC.**

In Louisiana, a "usufruct is a real right of limited duration on the property of another." La. Civil Code art. 535. "The features of the right vary with the nature of the things subject to it as consumables or nonconsumables." *Id. See also* La. Civil Code arts. 536 (defining consumables) and 537 (defining nonconsumables).

In the case of nonconsumables, such as the farmland at issue in this litigation, the Civil Code establishes a balance between the rights and responsibilities of the usufructuary of land and those of the naked owner. The usufructuary has the right to the use of the thing[2] and all fruits of the thing subject to the usufruct. La. Civil Code arts. 539, 550. The obligations of the usufructuary are to preserve the substance of the land, to use it as a prudent administrator, and to deliver it to the owner at the termination of the usufruct. La. Civil Code art. 539. A naked owner has the right to dispose of his naked ownership, but he must not

---

[2] Under Louisiana's civil law system, "things" are divided into movables and immovables, La. Civil Code art. 448, as opposed to common law systems where they are divided into personal and real property.

interfere with the rights of the usufructuary. La. Civil Code art. 603, 605. Full ownership of the land is restored to the naked owner at the termination of the usufruct. La. Civil Code art. 628.

The complaint alleges that Paula Skipper owned one-half of the farmland and enjoyed a usufruct over the other half. As such, she had the right to all fruits of the farmland which were subject to her usufruct. The complaint alleges, however, that her usufruct over the farmland terminated when she and the naked owners conveyed the property to the LLC in exchange for membership interests in the LLC. To support his allegations, the plaintiff attached copies of the Transfer Deed (which recited the consideration received) and the Operating Agreement (which recited the membership interests received by all parties).

La. Civil Code art. 616 governs the sale or exchange of property that is subject to a usufruct:

> When property subject to usufruct is sold or exchanged, whether in an action for partition or by agreement between the usufructuary and the naked owner or by a usufructuary who has the power to dispose of nonconsumable property, *the usufruct terminates as to the nonconsumable property sold or exchanged, but as provided in Article 568.1, the usufruct attaches to the money or other property received by the usufructuary, unless the parties agree otherwise.* Any tax or expense incurred as the result of the sale or exchange of property subject to usufruct shall be paid from the proceeds of the sale or exchange, and shall be deducted from the amount due by the usufructuary to the naked owner at the termination of the usufruct.

La. Civil Code art. 616 (emphasis added).

Under La. Civil Code art. 616, when property subject to a usufruct is sold or exchanged by agreement between the usufructuary and the naked owners, the

usufruct terminates as to the property, but it attaches to the proceeds or property exchanged, unless the parties agree otherwise. *In re Ryan*, 2019 WL 3759147 (Bankr. E.D. La. 2019) (upon sale of property by a usufructuary and naked owner, the usufruct attaches to the proceeds of the sale, and the proceeds should not be remitted to the judgment creditor of the naked owner).

Here, the Transfer Deed constituted an exchange of property within the meaning of La. Civil Code art. 616 and La. Civil Code art. 2660 (defining an exchange as "a contract whereby each party transfers to the other the ownership of a thing other than money."). Simply put, the owners of the farmland agreed to exchange their interests in the immovable property for membership interests in the LLC.

Absent the LLC's Operating Agreement which identified the membership percentage owned by each member, upon the exchange of properties, Paula Skipper's usufruct would have attached to the entirety of the membership interests. The complaint, however, alleges that the parties agreed per the Operating Agreement that Paula Skipper would receive 50% of the LLC membership interests, and the two naked owners would receive 25% each. Thus, when the farmland was transferred to the LLC per the Transfer Deed, Paula Skipper's usufruct terminated with respect to the farmland and it did not attach to the LLC membership interests conveyed to the naked owners because the parties "agreed otherwise" within the meaning of La. Civil Code art. 616 when they executed the Operating Agreement (contemporaneous with the Transfer Deed).

Paula Skipper argues that the Transfer Deed was intended to preserve her usufruct for life, pursuant to the following provision:

> Paula Owens Skipper has been receiving all farm income/rentals from this property through her ownership and usufruct over the property. ***This transfer is subject to her right to receive directly the farm income/rentals for the remainder of her life***.

Contrary to her assertions, this provision does not purport to reserve her right to possess or use the property. In Louisiana, a usufructuary of immovable property enjoys the right of possession and use of that property. La. Civil Code art. 539. In Louisiana, there are three classic rights of full ownership of property: the right to alienate, the right to use, and the right to enjoy the property (in Latin *abusus, usus,* and *fructus*). *Faulk v. Union Pac. R.R. Co.*, 2014-1598 (La. 6/30/15), 172 So. 3d 1034, 1045. A usufructuary is entitled to the rights of *usus* and *fructus*, but not *abusus*. The Fifth Circuit provided this helpful summary of general concepts of Louisiana property law:

> As a useful framework for understanding the Louisiana Civil Code provisions on which our holding ultimately rests, we begin with general concepts of Louisiana property law. In the Civil Law, the bundle of rights that together constitutes full ownership of property comprises three separate sub-bundles: (1) *usus*—the right to use or possess, i.e., hold, occupy, and utilize the property; (2) *abusus*—the right to abuse or alienate, i.e., transfer, lease, and encumber the property, and (3) *fructus*—the right to the fruits, i.e., to receive and enjoy the earnings, profits, rents, and revenues produced by or derived from the property. In Louisiana, those three facets of ownership may be allocated in various combinations among different persons, with each having less than full ownership. For example, the owner of a legal usufruct ("usufructuary") has the right to use the property burdened with the usufruct (*usus*) and to enjoy the fruits of that property (*fructus*), but does not have the right to alienate the property (*abusus*); that right belongs to the naked owner, albeit subject to the usufruct. (Footnotes omitted.)

*Rodrigue v. Rodrigue,* 218 F.3d 432 (5th Cir. 2000), *cert. denied,* 532 U.S. 905, 121 S.Ct. 1227, 149 L.Ed.2d 137 (2001).

Not only did the Transfer Deed fail to mention Paula Skipper's right to *usus*, its reference to the *fructus* was limited to only one type of income: "farm income/rentals." The Transfer Deed did not purport to give Paula Skipper the right to income or profits from non-farming sources derived from the land. The fact that the land is currently used for farming does not preclude it from other uses.

Moreover, once the farmland was transferred to the LLC, Paula Skipper ceased having any of the duties of a usufructuary, such as the duty to preserve the substance of the land, to use it as a prudent administrator, or to deliver it to the owner at the termination of the usufruct. La. Civil Code art. 539. Effectively, Paula Skipper wants to enjoy the benefits of a usufructuary without incurring any of the burdens. Louisiana law does not permit such a result.

Lastly, the court notes the amended complaint expressly alleges that the LLC owns other property and assets, aside from the farmland. Those assets are alleged to be unencumbered by any claim of any of the defendants. At this stage of the litigation, those allegations are accepted as true. The unencumbered LLC assets are subject to liquidation by the LLC and the proceeds from the liquidation are available to distribution to the members of the LLC, including the bankruptcy estate's 25% interest.

## Conclusion

The court finds that the plaintiff met his burden to provide enough factual

allegations in his complaint that, when taken as true, state a plausible claim for relief.

For the reasons given, the motion to dismiss is **DENIED**. The court will enter a separate order in accordance with this ruling.

###